**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **OTIS SMITH, Individually and** | § | |
| **On behalf of those similarly situated,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO.** |
| | § | **4:17-CV-00734** |
| **v.** | § | |
| | § | |
| **CORTECH, LLC and** | § | |
| **KIMBERLY-CLARK CORPORATION,** | § | |
| | § | |
| **Defendants** | § | |

## CORTECH, LLC'S ANSWER TO COLLECTIVE ACTION COMPLAINT

Defendant CorTech, LLC ("CorTech") files this Answer and Defenses to Plaintiff's Collective Action Complaint ("Complaint"), and would respectfully show the Court as follows:

### I.      INTRODUCTION

**1.**      Responding to Paragraph 1 of the Complaint, CorTech admits that Plaintiff Otis Smith purports to bring this action under the Fair Labor Standards Act ("FLSA"). However, CorTech specifically denies that it failed to comply with the FLSA, that Plaintiff is entitled to any alleged damages, and that this action can be properly maintained as a collective action under the FLSA.

**2.**      Responding to Paragraph 2 of the Complaint, CorTech admits that Plaintiff was an hourly-paid, non-exempt employee, who worked as a "packer" during the time that CorTech supplied workers to the Paris, Texas plant. CorTech denies the remaining allegations in Paragraph 2.

**3.**      CorTech denies the allegations in Paragraph 3 of the Complaint.

**4.**      CorTech denies the allegations in Paragraph 4 of the Complaint.

**5.**      CorTech denies the allegations in Paragraph 5 of the Complaint.

## II.      JURISDICTION AND VENUE

**6.**      The allegations in Paragraph 6 of the Complaint are jurisdictional in nature and generally require no factual response by CorTech.  CorTech admits that this action involves a federal question; however, CorTech denies any alleged violation of the FLSA.

**7.**      Responding to Paragraph 7 of the Complaint, CorTech admits that venue is proper in this District.  However, CorTech denies that the alleged acts or omissions asserted in the Complaint occurred as alleged by Plaintiff.

## III.      THE PARTIES

**8.**      Responding to Paragraph 8 of the Complaint, CorTech admits that Plaintiff worked as an hourly-paid packer at the Kimberly-Clark plant in Paris, Texas, during the time that CorTech supplied workers to the plant.  CorTech lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's residence.  CorTech denies any alleged violation of the FLSA, and further denies the remaining allegations in Paragraph 8.

**9.**      Responding to Paragraph 9 of the Complaint, CorTech admits that it is a limited liability company with its principal place of business in Atlanta, Georgia, and that it has done business in Texas.  CorTech states that it was served by certified mail, and it denies the remaining allegations in Paragraph 9.

**10.**      CorTech lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint.

## IV.      COVERAGE

**11.**      Responding to Paragraph 11 of the Complaint, CorTech admits that it transacts business in Texas.

**12.**     Responding to Paragraph 12 of the Complaint, CorTech admits that it is an enterprise engaged in commerce.  The remaining allegations in Paragraph 12 constitute legal conclusions to which no response is required and are, therefore, denied.

**13.**     Responding to Paragraph 13 of the Complaint, CorTech admits that it employed Plaintiff during part of the time that he alleges he worked at the Kimberly-Clark plant in Paris, Texas.  CorTech denies the remaining allegations in Paragraph 13.

**14.**     Responding to Paragraph 14 of the Complaint, CorTech admits that it had annual gross sales of at least $500,000 during any material time period.

**15.**     Responding to Paragraph 15 of the Complaint, CorTech denies any alleged violation of the FLSA, and further denies that this action can be properly maintained as a collective action.

**16.**     Responding to Paragraph 16 of the Complaint, CorTech denies any alleged violation of the FLSA, and further denies that this action can be properly maintained as a collective action.

## V.     FACTUAL ALLEGATIONS

**17.**     Responding to Paragraph 17 of the Complaint, CorTech incorporates and restates its response to Paragraphs 1 through 16.

**18.**     Responding to Paragraph 18 of the Complaint, CorTech admits that Plaintiff worked as a packer during the time that CorTech supplied workers to the Kimberly-Clark plant in Paris, Texas, from approximately May 2013 until approximately December 27, 2016. CorTech lacks knowledge or information sufficient to respond as to the truth of any remaining allegations in Paragraph 18.

**19.**     CorTech denies the allegations in Paragraph 19 of the Complaint.

**20.**     CorTech denies the allegations in Paragraph 20 of the Complaint.

21.   CorTech denies the allegations in Paragraph 21 of the Complaint.

22.   CorTech denies the allegations in Paragraph 22 of the Complaint.

23.   CorTech denies the allegations in Paragraph 23 of the Complaint.

## VI.   FLSA COLLECTIVE ALLEGATIONS

24.   Responding to Paragraph 24 of the Complaint, CorTech incorporates and restates its response to Paragraphs 1 through 23.

25.   Responding to Paragraph 25 of the Complaint, CorTech acknowledges that Plaintiff purports to bring a collective action under the FLSA.  However, CorTech specifically denies that this action can be properly maintained as a collective action pursuant to § 216(b) of the FLSA.

26.   Responding to Paragraph 26 of the Complaint, CorTech denies that this action can be properly maintained as a collective action.  CorTech specifically denies that the alleged members of the putative collective group are similarly situated, and further denies any factual allegations in Paragraph 26.

27.   CorTech denies the allegations in Paragraph 27 of the Complaint.

28.   CorTech denies the allegations in Paragraph 28 of the Complaint.

29.   CorTech denies the allegations in Paragraph 29 of the Complaint.

30.   Responding to Paragraph 30 of the Complaint, CorTech denies that this action can be properly maintained as a collective action pursuant to § 216(b) of the FLSA.

31.   Responding to Paragraph 31 of the Complaint, CorTech denies that this action can be properly maintained as a collective action pursuant to § 216(b) of the FLSA.  CorTech further denies any alleged violation of the FLSA, and denies any remaining factual allegations in Paragraph 31.

**32.**     Responding to Paragraph 32 of the Complaint, CorTech denies that this action can be properly maintained as a collective action pursuant to § 216(b) of the FLSA.  Therefore, CorTech further denies that notification to any putative collective group members is appropriate in this action.

**33.**     Responding to Paragraph 33 of the Complaint, CorTech denies that this action can be properly maintained as a collective action pursuant to § 216(b) of the FLSA.  CorTech further denies that notice is appropriate as alleged in Paragraph 33.

**34.**     The allegations in Paragraph 34 of the Complaint are legal conclusions and are argumentative in nature; therefore, no response is required.  CorTech denies that this action can be properly maintained as a class or collective action.

**35.**     The allegations in Paragraph 35 of the Complaint are legal conclusions and are argumentative in nature; therefore, no response is required.  CorTech denies that this action can be properly maintained as a class or collective action.

**36.**     The allegations in Paragraph 36 of the Complaint are legal conclusions and are argumentative in nature; therefore, no response is required.  CorTech denies that this action can be properly maintained as a class or collective action.

**37.**     The allegations in Paragraph 37 of the Complaint are legal conclusions and are argumentative in nature; therefore, no response is required.  CorTech denies that this action can be properly maintained as a class or collective action.

**38.**     The allegations in Paragraph 38 of the Complaint are legal conclusions and are argumentative in nature; therefore, no response is required.  CorTech denies that this action can be properly maintained as a class or collective action.

**39.** The allegations in Paragraph 39 of the Complaint are legal conclusions and are argumentative in nature; therefore, no response is required. CorTech denies that this action can be properly maintained as a class or collective action.

### VII.   COUNT I
**(Violation of FLSA, 29 U.S.C. § 206)**

**40.** Responding to Paragraph 40 of the Complaint, Defendant incorporates and restates its response to Paragraphs 1 through 39.

**41.** Responding to Paragraph 41 of the Complaint, CorTech admits that Plaintiff worked during the time that CorTech supplied workers to the Kimberly-Clark plant in Paris, Texas, from approximately May 2013 until approximately December 27, 2016. However, CorTech specifically denies that all of that time period is relevant or material in this action. CorTech denies any remaining allegations in Paragraph 41.

**42.** CorTech denies the allegations in Paragraph 42 of the Complaint.

**43.** CorTech denies the allegations in Paragraph 43 of the Complaint.

**44.** CorTech denies the allegations in Paragraph 44 of the Complaint.

**45.** CorTech denies the allegations in Paragraph 45 of the Complaint.

### VIII.   COUNT II
**(Violation of FLSA, 29 U.S.C. § 207)**

**46.** Responding to Paragraph 46 of the Complaint, CorTech incorporates and restates its response to Paragraphs 1 through 45.

**47.** CorTech denies the allegations in Paragraph 47 of the Complaint.

**48.** CorTech denies the allegations in Paragraph 48 of the Complaint.

**49.** CorTech denies the allegations in Paragraph 49 of the Complaint.

**50.** CorTech denies the allegations in Paragraph 50 of the Complaint.

**51.** CorTech denies the allegations in Paragraph 51 of the Complaint.

**52.**     With regard to the Prayer for Relief, CorTech denies that this action can be properly maintained as a collective action, and further denies that notice is appropriate in this action.  CorTech denies any alleged violation of the FLSA. CorTech further denies that Plaintiff, or any alleged putative collective group member, is entitled to any of the damages or other relief sought in the Prayer.

**53.**     CorTech denies that Plaintiff is entitled to a jury trial with respect to all issues as requested in the Complaint.

**54.**     CorTech denies all allegations of the Complaint that are addressed to CorTech and that have not been addressed above.

## IX.     DEFENSES

**1.**     The Complaint and each cause of action contained therein fail to state facts sufficient to constitute a cause of action.

**2.**     All or some of the claims asserted against CorTech are barred because CorTech did not supply any workers during part of the time period referenced in the Complaint.

**3.**     The alleged damages and losses, if any, of which Plaintiff complains, were not the result of any act or omission of CorTech.

**4.**     Plaintiff's claims are barred because CorTech had no knowledge of any alleged off-the-clock work or any alleged unrecorded and uncompensated time, and CorTech did not require, suffer, or permit any such alleged work.

**5.**     Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitation or by laches.

**6.**     All or some of the claims asserted are barred by estoppel, equitable estoppel, or waiver.

**7.** Plaintiff's claims are barred by payment. CorTech complied with the FLSA at all material times, and Plaintiff was paid at all material times consistent with the requirements of the FLSA.

**8.** In the alternative, if necessary, Plaintiff is not similarly-situated with any other putative collective group members referenced in the Complaint, and Plaintiff cannot establish the requirements for a class or collective action.

**9.** In the alternative, if necessary, Plaintiff's proposed class/collective action allegations are vague, ambiguous and overbroad.

**10.** In the alternative, and to the extent necessary, it is impermissible and inherently contradictory and confusing to maintain an action where there is both a purported opt-in class and a purported opt-out class.

**11.** In the alternative, if necessary, Plaintiff is not similarly situated to the alleged putative collective group members.  There exists no class or group of individuals similarly situated to Plaintiff.  Plaintiff cannot satisfy the prerequisites for certification of a collective action and, therefore, lacks standing and cannot represent the interest of others as to each purported claim.

**12.** In the alternative, if necessary, any consent forms referenced in the Complaint or filed thereafter by any purported opt-in individual, are premature and invalid.

**13.** In the alternative, if necessary, this action may not be maintained on behalf of any putative collective member who could not have filed a timely action as of the date this action was commenced.

**14.** In the alternative, and to the extent any purported Rule 23 class is asserted in the Complaint, Plaintiff cannot establish all of the requirements of a class under FRCP 23.  Among

other things, Plaintiff's claims are not typical of the claims that he seeks to assert, in all or in part, on behalf of others, common questions of law and/or fact do not predominate over individual questions of law and/or fact, and Plaintiff lacks the numerosity necessary to establish any purported class action.

15.    In the alternative, if necessary, any alleged uncompensated time and any alleged violations are de minimis and not compensable.

16.    In the alternative, if necessary, any alleged time is not compensable as it is preliminary or post-liminary time under the Portal-to-Portal Act, 29 U.S.C. §254(a) et seq.

17.    In the alternative, if necessary, Plaintiff received full and appropriate payment and compensation for all compensable work performed. If necessary, CorTech claims any right to offset or recoupment of any amounts to the extent Plaintiff was paid compensation beyond that to which he was entitled.

18.    In the alternative, if necessary, Plaintiff's claims are barred in whole or in part because Defendant CorTech acted at all material times reasonably and in good faith.

19.    In the alternative, if necessary, Plaintiff's claims are barred in whole or in part because Defendant CorTech acted reasonably and with a good faith belief that the alleged pay practices were in conformity with the FLSA.

20.    In the alternative, if necessary, and without assuming or admitting any alleged violation or wrongful conduct, CorTech did not authorize or ratify any alleged unlawful conduct.

21.    In the alternative, if necessary, CorTech's alleged conduct does not constitute a willful violation of the FLSA.

22.    In the alternative, if necessary, Plaintiff's alleged claim for liquidated damages is subject to the applicable limitations on such damages as set forth in 29 U.S.C. §216.

**23.** In the alternative, if necessary, the claims of Plaintiff and/or those whom he purports to represent are barred, or recovery reduced, because: (a) CorTech took reasonable steps to prevent and correct the conduct alleged in the Complaint; (b) Plaintiff and/or those whom he purports to represent unreasonably failed to use the preventive and corrective measures that CorTech provided; and (c) reasonable use of CorTech's procedures would have prevented all or part of the alleged harm.

**24.** In the alternative, and to the extent necessary, CorTech reserves the right to assert any of the above defenses, or additional defenses, as appropriate, to any claims asserted by any putative member of the alleged collective group.

**25.** CorTech reserves the right to add additional defenses, as appropriate, upon the completion of discovery or in compliance with the Court's orders.

## X.    REQUEST FOR RELIEF

WHEREFORE, Defendant CorTech respectfully requests that the Court deny all of Plaintiff's claims, dismiss this action with prejudice, award CorTech its attorney's fees and costs, and grant CorTech such other relief as is appropriate and just.

Respectfully submitted,

**GORDON & REES SCULLY MANSUKHANI**

**KIRSTIE M. SIMMERMAN**
State Bar No. 24083858
ksimmerman@gordonrees.com
**DAVID A. SCOTT**
State Bar No. 17894515
dscott@gordonrees.com
2200 Ross Avenue, Suite 4100W
Dallas, Texas 75201
214-231-4660 (Telephone)
214-461-4053 (Facsimile)
**ATTORNEYS FOR DEFENDANT
CORTECH, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of records who are deemed to have consented to electronic service are being served on the 20th day of November, 2017 with a copy of this document, via the Court's CM/ECF system.

Charles W. Branham, III
Rachel C. Moussa
DEAN OMAR & BRANHAM, LLP
302 N. Market Street, Suite 300
Dallas, Texas 75202
tbranham@dobllp.com
rmoussa@dobllp.com

ATTORNEYS FOR PLAINTIFF

Karl Gustav Nelson
GIBSON DUNN & CRUTCHER
2100 McKinney Ave., Ste 1100
Dallas, Texas 75201
knelson@gibsondunn.com

ATTORNEYS FOR DEFENDANT
KIMBERLY-CLARK CORPORATION

David A. Scott