UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| OTIS SMITH, Individually and on behalf of those similarly situated, | § § § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. 4:17-cv-734 |
| CORTECH, LLC and KIMBERLY-CLARK CORPORATION, | § § § § | JURY TRIAL REQUESTED |
| Defendants. | § § § | |

**DEFENDANT KIMBERLY-CLARK'S MOTION FOR A
MORE DEFINITE STATEMENT AND BRIEF IN SUPPORT**

Pursuant to Federal Rule of Civil Procedure 12(e), Defendant Kimberly-Clark Corporation requests that the Court order Plaintiff Otis Smith to furnish a more definite statement of his claims. Specifically, the Collective Action Complaint is (1) inconsistent and ambiguous regarding the time frame to which Plaintiff's claims apply, and (2) vague and lacking the required specific factual allegations necessary to support any contention that Kimberly-Clark Corporation was Plaintiff's employer. The Court therefore should order Plaintiff to provide a more definite statement of his claims, specifically identifying the time period of the alleged violations and pleading facts sufficient to establish that each alleged defendant was his "employer" under the Fair Labor Standards Act. The brief accompanying this Motion further establishes the support for Kimberly-Clark's request for a more definite statement.

## TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................................... 1

LEGAL STANDARD..................................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

    I.      Plaintiff's Allegations Regarding the Scope of the Alleged Class Period are Inconsistent, Unclear, and Confusing and Should Be Clarified........................ 2

    II.     Plaintiff's Vague Suggestions that Kimberly-Clark Was His "Employer" Require Greater Specificity................................................................................... 5

          A.     Plaintiff Must Plead Facts With Sufficient Specificity to Support that Each Defendant Satisfies the Applicable Legal Standard for an Employer ......................................................................... 5

          B.     Plaintiff Fails to Allege Facts Sufficient to Establish that Kimberly-Clark Was His "Employer" Under the Economic Realities Test.................................................................................................. 5

CONCLUSION............................................................................................................................... 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................................................. 1, 2

*Balderrama v. Pride Indus., Inc.*,
   963 F. Supp. 2d 646 (W.D. Tex. 2013) ................................................................................. 2, 3

*Beanal v. Freeport-McMoran, Inc.*,
   197 F.3d 161 (5th Cir. 1999) ...................................................................................................... 2

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................................. 1, 2

*Bitte v. United Cos. Lending Corp.*,
   No. CIVA 06-5648, 2006 WL 3692754 (E.D. La. Dec. 11, 2006) ............................................ 4

*Brown v. Whitcraft*,
   No. CIV.A.3:08CV0186-D, 2008 WL 2066929 (N.D. Tex. May 15, 2008) .............................. 2

*Cates v. Int'l Tel. & Tel. Corp.*,
   756 F.2d 1161 (5th Cir. 1985) ............................................................................................. 2, 3

*Coleman v. H.C. Price Co.*,
   No. CIV.A. 11-2937, 2012 WL 1118775 (E.D. La. Apr. 3, 2012) ............................................ 4

*Donovan v. Grim Hotel Co.*,
   747 F.2d 966 (5th Cir. 1984) ...................................................................................................... 4

*Escobedo v. Metal Protective Coating Prof'ls, Inc.*,
   No. 4:13-CV-2405, 2013 WL 6504675 (S.D. Tex. Dec. 11, 2013) ........................................... 6

*Gray v. Powers*,
   673 F.3d 352 (5th Cir. 2012) ...................................................................................................... 5

*Howard v. John Moore, LP*,
   No. CIV.A. H-13-1672, 2014 WL 1321844 (S.D. Tex. Mar. 31, 2014) ................................... 6

*Kaminski v. BWW Sugar Land Partners*,
   No. CIV.A. H-10-551, 2010 WL 4817057 (S.D. Tex. Nov. 19, 2010) ..................................... 6

*Lambert v. Ocwen Loan Servicing, LLC*,
   No. 4:14-CV-3167, 2015 WL 1246953 (S.D. Tex. Mar. 17, 2015) .......................................... 4

*Old Time Enters., Inc. v. Int'l Coffee Corp.*,
   862 F.2d 1213 (5th Cir. 1989) ..................................................................................................... 2

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**

**Cases**

*Orozco v. Plackis*,
    757 F.3d 445 (5th Cir. 2014) .................................................................................................. 5

*Watson v. Graves*,
    909 F.2d 1549 (5th Cir. 1990) ................................................................................................ 5

*Williams v. United Credit Plan of Chalmette, Inc.*,
    526 F.2d 713 (5th Cir. 1976) .................................................................................................. 4

**Statutes**

29 U.S.C. § 206 .............................................................................................................................. 4

29 U.S.C. § 207 .............................................................................................................................. 4

**Rules**

Fed. R. Civ. P. 8 ........................................................................................................................ 1, 2

Fed. R. Civ. P. 12(e) ................................................................................................................. 2, 4

**INTRODUCTION**

Plaintiff Otis Smith purports to assert collective wage and hour claims against defendants CorTech LLC ("CorTech") and Kimberly-Clark Corporation ("Kimberly-Clark"), but his Collective Action Complaint is ambiguous regarding the time frame to which his claims apply and conspicuously silent as to either a legal theory or facts upon which to deem Kimberly-Clark his employer. In fact, Plaintiff worked in Kimberly-Clark's Paris, Texas facility as the employee of successive third party contractors—CorTech until December 2016 and another contractor thereafter. Thus, Kimberly-Clark's answer to various assertions in the Complaint—and potentially the need to add a missing party—depend on whether Plaintiff's claims encompass the period after his employment with CorTech ended in late 2016 and the basis on which he contends that Kimberly-Clark was at any time his employer. Because the answers to these questions affect whether the proper parties are before the court, judicial efficiency and fairness to the parties dictate that Plaintiff be required to clarify his contentions at the outset of the case, before potentially incorrect parties undertake the substantial burdens of discovery and conditional certification proceedings.

**LEGAL STANDARD**

When evaluating a motion for a more definite statement, the Court must assess the complaint in light of Rule 8 of the Federal Rules of Civil Procedure, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," and the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Although "detailed factual allegations" are not required, a plaintiff must allege more than "labels and conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause

of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Pursuant to Rule 8, a complaint will be deemed inadequate if it fails to "(1) provide notice of circumstances which give rise to the claim, or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist." *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999).

"[P]arties may rely on Rule 12(e) as a mechanism to enforce the minimum requirements of notice pleading." *Brown v. Whitcraft*, No. CIV.A.3:08CV0186-D, 2008 WL 2066929, at *2 (N.D. Tex. May 15, 2008) (collecting cases). "A motion under Rule 12(e) is the proper remedy where allegations in a complaint are 'conclusory, confused, and unclear,' but do not necessarily 'justify dismissal of the suit on the merits and without leave to amend.'" *Balderrama v. Pride Indus., Inc.*, 963 F. Supp. 2d 646, 667 (W.D. Tex. 2013) (quoting *Cates v. Int'l Tel. & Tel. Corp.*, 756 F.2d 1161, 1180 (5th Cir. 1985)); *see also Beanal*, 197 F.3d at 164 ("If a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the proper remedy is a motion for a more definite statement under Rule 12(e)."). Whether to grant a motion for a more definite statement is within the Court's sound discretion. *Old Time Enters., Inc. v. Int'l Coffee Corp.*, 862 F.2d 1213, 1217 (5th Cir. 1989).

## ARGUMENT

### I. Plaintiff's Allegations Regarding the Scope of the Alleged Class Period are Inconsistent, Unclear, and Confusing and Should Be Clarified

Plaintiff's allegations with respect to the time period covered by his claims are internally inconsistent, unclear, and confusing. The Complaint asserts that Plaintiff "was *at all material times* . . . employed by CORTECH at the KIMBERLY-CLARK plant in or near Paris, Texas[.]" Compl. ¶ 8 (Dkt. # 1) (emphasis added); *see also id.* ¶¶ 13, 15, & 41. Elsewhere, Plaintiff alleges that he "worked as a Packer at the KIMBERLY-CLARK plant in or near Paris, Texas from

approximately 2007 until May 2017." *Id.* ¶ 18. And again elsewhere, Plaintiff defines the proposed collective group as "all individuals *currently or formerly* employed by the Defendants . . . ." *Id.* ¶ 26 (emphasis added).

Had Plaintiff's employment status remained static across the entire potential period covered by his claims, these various formulations might be reconcilable. As Plaintiff presumably knows (and as evident from the pleadings already on file in this action), however, CorTech's engagement with Kimberly-Clark at the Paris facility ended in December 2016. *See* Ex. A (Shana Barton Declaration); *see also* CorTech's Answer ¶¶ 18, 41 (Dkt. #5). Thereafter, Kimberly-Clark contracted with another, unaffiliated entity to replace CorTech in providing contract laborers to work at that plant. At the time of the transition, Plaintiff presumably ceased employment with CorTech and began employment with the new provider of contract labor. *See* Ex. A.

If Plaintiff was "at all material times employed by CorTech," then the alleged class period necessarily runs only through December 2016. Conversely, if Plaintiff's claims encompass any time after December 2016—when he was employed by a new provider of contract labor to Kimberly-Clark—that would alter Kimberly-Clark's response to his claims, including necessitating the addition as a defendant of the new service provider who (among other things) owes Kimberly-Clark duties of defense and indemnification for claims such as those raised by Plaintiff.

Because the allegations regarding the temporal scope of his claims are "confus[ing], and unclear," Plaintiff should be required to clarify the time frame during which the alleged violations occurred. *Balderrama*, 963 F. Supp. 2d at 667 (quoting *Cates*, 756 F.2d at 1180). As the Fifth Circuit has instructed, "a motion for a more definite statement [is] the appropriate device[ ] to

narrow the issues and disclose the boundaries of the claim and defense." *Williams v. United Credit Plan of Chalmette, Inc.*, 526 F.2d 713, 714 (5th Cir. 1976).

Courts often grant Rule 12(e) motions filed in response to complaints that do not clearly state when the alleged wrongdoing occurred. *See, e.g.*, *Lambert v. Ocwen Loan Servicing, LLC*, No. 4:14-CV-3167, 2015 WL 1246953, at *5 (S.D. Tex. Mar. 17, 2015) (directing plaintiff to allege when alleged wrongdoing occurred so that defendants could form defenses); *Coleman v. H.C. Price Co.*, No. CIV.A. 11-2937, 2012 WL 1118775, at *8 (E.D. La. Apr. 3, 2012) (directing plaintiff to, among other things, provide "specific time period(s)" and "date(s)" related to their claims so that "each defendant can discern what claims bear against it"); *Bitte v. United Cos. Lending Corp.*, No. CIVA 06-5648, 2006 WL 3692754, at *1 (E.D. La. Dec. 11, 2006) (directing plaintiff "to specify which defendant has taken what action and state when that action occurred" including "[d]ates, if available").

Until the time period of Plaintiff's alleged claims is clarified, Kimberly-Clark cannot know whether the proper defendants are parties to this suit, the scope and necessity of any cross-claims or third-party claims, or whether Plaintiff and the other members of the proposed collective group are even plausibly "sufficiently similar" for class certification purposes. Thus, the parties and the Court risk embarking on discovery and collective certification proceedings while the fundamental contours of the case remain subject to change. Accordingly, this Court should order Plaintiff to provide a more definite statement that identifies the precise time period of the alleged wage violations.

**II.     Plaintiff's Vague Suggestions that Kimberly-Clark Was His "Employer" Require Greater Specificity**

**A.     Plaintiff Must Plead Facts With Sufficient Specificity to Support that Each Defendant Satisfies the Applicable Legal Standard for an Employer**

In order "[t]o be bound by the requirements of the Fair Labor Standards Act, one must be an 'employer.'" *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 971 (5th Cir. 1984) (citing 29 U.S.C. §§ 206–07). "The Fifth Circuit uses the 'economic reality' test to evaluate whether there is an employer/employee relationship." *Gray v. Powers*, 673 F.3d 352, 354 (5th Cir. 2012). This test directs the Court to consider whether the alleged employer: "(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* at 355. Although the absence of one factor is not necessarily dispositive, the absence of all factors is fatal to the inquiry. *Id.* at 357; *see, e.g.*, *Orozco v. Plackis*, 757 F.3d 445, 449 (5th Cir. 2014).

In cases, such as here, where a plaintiff suggests he was employed by more than one employer, he must allege facts sufficient to support application of "the economic realities test to each individual or entity alleged to be an employer and each must satisfy the four part test." *Watson v. Graves*, 909 F.2d 1549, 1556 (5th Cir. 1990).

**B.     Plaintiff Fails to Allege Facts Sufficient to Establish that Kimberly-Clark Was His "Employer" Under the Economic Realities Test**

Plaintiff implicitly appears to advance a joint employer theory of liability against Defendants. *See* Compl. ¶ 8. But he has pled *no facts* sufficient to establish that Kimberly-Clark was his employer under the economic realities test. The *only* allegation in the Complaint that is specific to Kimberly-Clark is that Plaintiff "worked as a Packer at the KIMBERLY-CLARK plant in or near Paris, Texas." *Id.* ¶ 18; *see also id.* ¶ 8 ("Plaintiff SMITH was at all material times one

of a number of hourly-paid Packers employed by CORTECH at the KIMBERLY-CLARK plant[.]"). All other allegations relating to Kimberly-Clark's status are entirely conclusory and directed at *both* defendants—specifically, that Plaintiff "was an employee of Defendants." *Id.* ¶ 41; *see also id.* ¶¶ 8, 13, 15, & 38. Such conclusory statements that Plaintiff "was an employee of" both Defendants are insufficient to satisfying the minimum pleading requirement with respect to joint employer liability under the FLSA. *See, e.g.*, *Kaminski v. BWW Sugar Land Partners*, No. CIV.A. H-10-551, 2010 WL 4817057, at *1–3 (S.D. Tex. Nov. 19, 2010) (holding that plaintiffs could not make out a facially plausible claim of joint employer liability under the FLSA merely by alleging that "they 'worked for' defendants"); *Howard v. John Moore, LP*, No. CIV.A. H-13-1672, 2014 WL 1321844, at *1–4 (S.D. Tex. Mar. 31, 2014) (same).

Without some factual basis for the naked conclusion that it was Plaintiff's "employer," Kimberly-Clark cannot respond with reasonable particularity to the contention, and Plaintiff "has not provided sufficient facts which would enable the Court to apply the economic reality test to *each* defendant." *Howard*, 2014 WL 1321844, at *1–4 (emphasis added). The Complaint does not allege any specific actions taken by Kimberly-Clark—much less any action that would satisfy any factor of the economic realities test. Plaintiff fails to provide any "factual allegations as to how the events that gave rise to this lawsuit were allocated between the two Defendants" and "fails to describe how his employment was handled generally," such as "who hired him or had the ability to fire him, who supervised and controlled his schedule and day-to-day duties, who determined what, how, and when he was paid, and the like." *Escobedo v. Metal Protective Coating Prof"ls, Inc.*, No. 4:13-CV-2405, 2013 WL 6504675, at *2 (S.D. Tex. Dec. 11, 2013) (dismissing FLSA claims for failure to sufficiently plead joint employer liability under the FLSA because "Plaintiff ha[d] not furnished the Court with any factual allegations as to which Defendant did what").

Because Plaintiff's conclusory allegations, directed generically at both Defendants, do not satisfy the pleading requirement, this Court should order Plaintiff to provide a more definite statement that identifies facts sufficient to plead joint employer liability with respect to Kimberly-Clark before allowing the case to proceed and Plaintiff to impose potentially significant litigation burdens and costs on Kimberly-Cark.

## CONCLUSION

For the reasons stated above, the Court should grant Kimberly-Clark's Motion for a More Definite Statement and order Plaintiff to provide a more definite statement of his claims, specifically identifying the time period of the alleged class violations and facts sufficient to show that each alleged defendant was his "employer" under the FLSA.

Dated: November 28, 2017

        Respectfully submitted,

        _____
        Karl G. Nelson
        Texas Bar No. 14900425
        KNelson@gibsondunn.com
        GIBSON, DUNN & CRUTCHER LLP
        2100 McKinney Ave., Suite 1100
        Dallas, TX 75201-6912
        Tel: (214) 698-3100
        Fax: (214) 571-2900

        COUNSEL FOR DEFENDANT
        KIMBERLY-CLARK

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 28, 2017, the foregoing document was electronically submitted with the clerk of the court for the United States District Court, Eastern District of Texas, using the electronic case file system of the court. The electronic case file system sent a "Notice of Electronic Filing" to all counsel of record.

                    Karl G. Nelson

                    COUNSEL FOR DEFENDANT
                    KIMBERLY-CLARK

**CERTIFICATE OF CONFERENCE**

I hereby certify that I have complied with the meet and confer requirement set forth in Local Rule CV-7(h). On November 27, 2017, I attempted on two occasions to confer by telephone with counsel for Plaintiff to discuss the relief sought in the foregoing motion. In both instances, counsel for Plaintiff was unavailable, and as of the time of filing, I have not received a response. Accordingly, it is presumed that Agreement was not reached, and Plaintiff opposes this motion.

                    Karl G. Nelson

                    COUNSEL FOR DEFENDANT
                    KIMBERLY-CLARK